RYAN, Circuit Judge,
concurring in part and dissenting in part.
While I agree that the district court’s judgment dismissing the plaintiffs lawsuit must be vacated and the case remanded, I respectfully disagree with the majority’s analysis. I believe my colleagues have imposed on the plaintiff their own idea of the ideal complaint and the relief they think such a complaint should have requested, rather than reading the complaint as it was written. While the majority rightly faults Glancy for his wildly inconsistent use of the term “the Taubman family” throughout his amended complaint, the amended complaint clearly demonstrates that Glancy sought no relief with respect to A. Alfred Taubman. Glancy explicitly excluded from his suit “Non-party A. Alfred Taubman,” who allegedly “own[ed] and/or controlled] 186,937 shares of Taub-man Centers common stock and 24,669,087 shares of Series B [stock].”
In my judgment, vacatur and remand are nevertheless appropriate because the district court failed to make adequate findings of fact and conclusions of law, thereby depriving this court of “ ‘a sufficiently definite predicate for proper appellate review.’” Cousin v. McWherter, 46 F.3d 568, 574 (6th Cir.1995) (citation omitted); see also Fed.R.Civ.P. 52.
The district court appears to have concluded that although A. Alfred Taubman was not named as a defendant in this suit, the plaintiff Glancy’s request for declaratory and injunctive relief against “the Taub-man family” would, if granted, prevent A. Alfred Taubman from voting “the Series B *678 stock that he owns or controls.” The district court then assumed that an injunction against A. Alfred Taubman in his individual capacity would prevent TG Partners (TG) from voting its Series B shares. The court appears to have relied upon cases in which general partners have been named either on behalf of their partnerships or in their capacity as partners, which suggests that the court thought that an injunction against a person in his individual capacity would have the same effect as an injunction against a person in his capacity as a general partner of a partnership. The court assumed, without explanation, that there was “no substantive difference” between an injunction against A. Alfred Taubman in his individual capacity and an injunction against him in the capacity of the managing general partner of TG. The first difficulty with this assumption is that A. Alfred Taubman is not the managing general partner of TG. A corporation of which A. Alfred Taubman is the sole shareholder is the managing general partner of TG. The district court made no findings of fact or conclusions of law to support its assumption that an injunction against A. Alfred Taubman individually would prevent a separate entity, the corporation of which he is the sole shareholder, from voting TG’s Series B stock.
Although the district court appears to have concluded that if Glancy’s requested relief were granted, A. Alfred Taubman (in some unspecified capacity) would suffer an impairment of “his ability to vote the Series B stock that he owns or controls,” the court did not conduct a Federal Rule of Civil Procedure Rule 19 analysis with respect to A. Alfred Taubman. Instead, it merely concluded that regardless of whether A. Alfred Taubman should have been joined as a party, “if Glancy’s relief is granted, the shares that A. Alfred Taub-man controls through the TG partnership would be affected”; that is, TG would be prevented from voting its Series B shares. The court also failed to conduct a Rule 19 analysis with respect to TG, which, likewise, was not a named party in the action. Instead, it merely concluded that TG’s citizenship had to be considered for diversity purposes.
In my judgment, the district court erred in taldng an overly simplistic view of the jurisdictional complexities of this case. Specifically, it failed to distinguish between A. Alfred Taubman’s various capacities, and instead, spoke generally of A. Alfred Taubman’s “interest in his ability to vote the Series B stock that he owns or controls.” In my view, the complexities of the case, particularly the various legal capacities in which A. Alfred Taubman is involved, required a far closer analysis. I would remand the case to afford the court an opportunity to explain its reasoning.